UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-62503-GAYLES

ALEX PINHEIRO JANSEN,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

**<u>ORDER DISMISSING 28 U.S.C. § 2254 PETITION FOR LACK OF JURISDICTION</u>**

**THIS CAUSE** is before the Court on Petitioner Alex Pinheiro Jansen's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, [ECF No. 1] (the "Petition"). Petitioner, who is currently in Immigration and Customs Enforcement ("ICE") custody, challenges his state conviction and sentence in the Seventeenth Judicial Circuit in and for Broward County, Florida. As explained below, this Court lacks jurisdiction over the Petition because an appeal of Petitioner's conviction remains pending in state court, and he was not "in custody pursuant to the judgment of a State court" when he filed the Petition. § 2254(b). Therefore, the Petition must be summarily **DISMISSED** for lack of jurisdiction.

**LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a section 2254 petition without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rules Governing § 2254 Cases, R. 4. "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr*., 947 F.3d 649, 654 (11th Cir. 2020).

## DISCUSSION

***Exhaustion of Remedies.*** "A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing § 2254(b)(1) and (c)) ("[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner has not exhausted his state remedies "if he has the right under the law of the state to raise, by any available procedure, the question presented and failed to do so." *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (quoting § 2254(c)). To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *Boerckel*, 526 U.S. at 845. "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013).

To circumvent the exhaustion requirement, Petitioner must show that (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i), (ii); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Here, Petitioner's claims are unexhausted, because the appeal of his conviction remains pending in state court. *See generally Pinheiro Jansen v. State of Florida*, No. 4D2025-0698 (Fla. 4th DCA 2025). Moreover, Petitioner cannot currently allege that there is an "absence of available State corrective process" or that such process is ineffective to protect his rights, as he is currently appealing his claim in state court. § 2254(b)(1)(B)(i), (ii); *see also Pinheiro Jansen*, No. 4D2025-0698.

2

***In Custody Requirement.*** Furthermore, for Petitioner to obtain federal habeas relief, he must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The requirement that a federal habeas petitioner be "in custody" under a state court judgment is jurisdictional. *Diaz v. Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012). To satisfy the "in custody" requirement, "[a] federal habeas petitioner must be 'in custody under the conviction or sentence under attack at the time his petition is filed.'" *Id*. at 1264 (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)). A petitioner is not deemed "in custody" if he challenges a sentence that has "*fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original).

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492. A petitioner may challenge a fully expired sentence only if: (1) no counsel was appointed for the petitioner, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963); or (2) no channel of review was available with respect to the prior conviction, through no fault of the petitioner. *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 579 (11th Cir. 2007) (citing *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 404–05 (2001)).

Here, Petitioner was released from state custody on April 23, 2025, and was in ICE custody at the Krome Detention Center in Miami, Florida when he filed the instant Petition on November 28, 2025. *See* Fla. Dep't of Corr., *Corrections Offender Network*, https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=B21771&TypeSearch=IR (last visited Dec. 8, 2025); (*see also* Petition at 3, 7). Petitioner's immigration detention is a "collateral consequence" of his conviction that is insufficient to place him "in

3

custody" pursuant to a state court judgment. *See Llovera-Linares v. Florida*, 559 F. App'x 949, 952 (11th Cir. 2014).

Because Petitioner's state sentence had fully expired when he filed the Petition, he was not "in custody" pursuant to a state court judgment. *See id.* at 951–52. Petitioner does not address either of the exceptions in *Birotte* that would allow the Court jurisdiction over his Petition, despite failing to fulfill the "in custody" requirement. *See Birotte*, 236 F. App'x 577, 579 (11th Cir. 2007). It is clear from the Petition that Petitioner was represented by counsel during his criminal trial, and he is currently appealing the conviction through available channels of review. (*See* Pet. 4; *see also generally Pinheiro Jansen v. State of Florida*, No. 4D2025-0698 (Fla. 4th DCA 2025). Therefore, the Court also lacks jurisdiction on this ground.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition, **[ECF No. 1]**, is **DISMISSED** for lack of jurisdiction.

2. No certificate of appealability shall issue because the Court lacks jurisdiction to issue one. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). However, a certificate of appealability is unnecessary to permit the Eleventh Circuit to review the Court's order of dismissal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3. The Clerk is **DIRECTED** to **CLOSE** this case any **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4

cc:

**Alex Pinheiro Jansen**, *pro se*
219 704 071
Krome Service Processing Center
Inmate Mail/Parcels
 18201 SW 12th Street
Miami, FL 33194